1  BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC
   ANDREW S. FRIEDMAN (to be admitted *pro hac vice*)
2  GARRETT W. WOTKYNS (to be admitted *pro hac vice*)
   2901 N. Central Avenue, Suite 1000
3  Phoenix, AZ 85012
   Telephone: (602) 274-1100
4  Facsimile:  (602) 274-1199

5  CHAVEZ & GERTLER LLP
   MARK A. CHAVEZ (Bar No. 90858)
6  NANCE F. BECKER (Bar No. 99292)
   42 Miller Ave.
7  Mill Valley, CA 94941
   Telephone: (415) 381-5599
8  Facsimile:  (415) 381-5572

9  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY B. LABRADOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE MORTGAGE COMPANY,<br>Defendant. | Case No.: C-08-2270-SC<br><br><u>CLASS ACTION</u><br><br>**ADMINISTRATIVE MOTION TO DETERMINE WHETHER CASES SHOULD BE RELATED**<br><br>**Local Rules 3-12 and 7-11** |

Pursuant to Northern District Local Rule 3-12, plaintiff Mary Labrador hereby gives notice that this case, *Mary B. Labrador v. Seattle Mortgage Company*, CV-08-2270-SC is or may be related to the prior action entitled, *Mary B. Labrador v. Bank of America, N.A.*, CV-08-0321 MMC, and asks the Court to rule upon that issue for the following reasons.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Mary Labrador is a senior citizen residing in San Francisco, California. In August, 2006, Ms. Labrador entered into a "reverse mortgage" loan arranged through her mortgage broker, Home Center Mortgage.

The loan was "originated" (funded) by Reverse Mortgage of America, which was a subsidiary or division of Seattle Mortgage Company. According to its website, http://www.reversemortgageofamerica.com/about_reverse_mortgage.asp, "[a]s of June 29, 2007, Reverse Mortgage of America is now Bank of America, as Bank of America acquired the reverse mortgage business of Seattle Mortgage Company, including Reverse Mortgage of America."

On December 17, 2007, on the basis of her understanding (1) that Bank of America is the successor-in-interest to Reverse Mortgage of America ("RMA"), (2) that Bank of America had assumed the liabilities relating to the operations and reverse mortgage portfolio of RMA, and (3) the fact that Bank of America is now responsible for servicing plaintiff's loan, plaintiff filed a class action complaint against Bank of America in San Francisco Superior Court (case number CGC-07-470128). The complaint alleged that the Bank had assessed unlawful fees in connection with her reverse mortgage loan. As summarized in the introduction to that pleading:

> [U]nder the governing federal regulations, Defendant is barred from charging borrowers loan origination fees which are passed on to the loan broker in situations where there is a financial interest between the mortgage broker and the lender. In complete disregard of this rule, Defendant charges senior citizens who purchase reverse mortgages loan-related origination fees that are paid to brokers with whom Defendant has a financial interest. The existence of such a "financial interest" is apparent where, as here, the lender pays the broker both a "correspondent fee" *and* all or a portion of the "origination fee" charged to the borrower. Such origination fees are not charged to compensate Defendant for operating expenses, but to encourage mortgage brokers to refer loan business to Defendant. This practice is both unlawful and unfair.

On the basis of those allegations, plaintiff alleged causes of action on behalf of herself and others similarly situated, for: (1) financial elder abuse (California Welf. & Inst. Code § 15657.5); (2) unlawful, deceptive and unfair business practices (California Bus. & Prof. Code § 17200); (3) violation of the Consumers Legal Remedies Act (California Civil Code § 1750 *et seq.*); (4) unjust enrichment and imposition of constructive trust; and (5) declaratory relief.

On January 17, 2008, Bank of America filed a Notice of Removal. The case was removed to this Court and assigned to Hon. Maxine Chesney, case no. CV-08-0321 MMC.

Based on information provided by Bank of America concerning its transactions with Seattle Mortgage and RMA, plaintiff subsequently agreed to dismiss her case against Bank of America, and she filed her Notice of Dismissal Without Prejudice on March 19, 2008. The same day, she filed the identical action against Seattle Mortgage Company ("SMC") in San Francisco Superior Court, case no. CGC-08-473475.

SMC removed the action to this Court on May 1, 2008. SMC is represented by the same attorney, at the same law firm, as was Bank of America.

II.    ANALYSIS

Local Rule 3-12(a) states that an action is related to another when (1) "[t]he actions concern substantially the same parties, property, transactions or event" and (2) it appears likely that there would be a burdensome duplication of effort or conflicting results if the cases are conducted before different judges. Subsection (b) of the Rule requires a party who knows or learns that an action is or may be related to another action "which is or was pending in this District" to file an administrative motion to determine whether the cases should be related.

Plaintiff believes that the cases at issue here are indeed related, as both of the actions arise from the very same loan transaction arranged through RMA. Among the factors which support a related case order are the following:

• Plaintiff's second complaint arises from the identical facts as her first complaint. With the sole exception of the identity of the liable party, the factual allegations of the complaint are unchanged.

• Plaintiff's second complaint alleges the identical legal theories as her first complaint..

2

- Plaintiff's second complaint seeks the identical relief as her first complaint.

- SMC is represented by the same counsel (John Sullivan of Severson & Werson) who represented Bank of America when plaintiff initially filed suit. SMC is likely to use the results of its investigation into plaintiff's allegations against Bank of America in its defense of the claims now asserted against it.

- Bank of America may ultimately be joined as a defendant in this case. While the parties engaged in informal discovery concerning the relationship between Bank of America and SMC and Bank of America's potential liability, plaintiff's dismissal of Bank of America was without prejudice to her right to bring Bank of America back into the case if further investigation – or SMC's defense – indicates that such joinder would be appropriate. For example, pursuant to its acquisition of reverse mortgage-related assets from the SMC family of companies and its ongoing servicing of plaintiff's reverse mortgage loan, Bank of America may be earning ongoing profits flowing from the wrongful conduct that is the gravamen of plaintiff's complaint; plaintiff expects to explore that issue in discovery. In any case, because Ms. Labrador entered into only a single reverse mortgage loan transaction, any findings about the factual or legal basis for her claims would apply equally to both SMC and Bank of America.

- The legal issues presented by this case are of first impression in this judicial district. If plaintiff is successful, litigation against other reverse mortgage lending institutions with practices similar to those challenged here may well follow. It is in the interests of the parties and the Court to develop consistent procedures for administering and resolving such cases.

III. DEFENDANT'S POSITION

As set forth in the Declaration of plaintiff's counsel immediately below, plaintiff has conferred with defendant SMC about this issue, and SMC has declined to stipulate that the cases are related.

///
///
///
///

3

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

IV. <u>CONCLUSION</u>

For the above reasons, plaintiff respectfully submits that this case should be deemed related to case number CV-08-0321 MMC and be transferred back to the judge to whom it was originally assigned.

Dated: May 27, 2008

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, PC

CHAVEZ & GERTLER LLP

By: */s/ Nance Becker*
Nance F. Becker
Attorneys for Plaintiff

<u>DECLARATION OF COUNSEL</u>

I, Nance F. Becker, declare:

1. I am an attorney admitted to practice before this Court, a partner in the law firm Chavez & Gertler LLP, and one of the counsel of record for plaintiff Mary Labrador in this action. I have personal knowledge of the matters set forth below, and if called upon I could testify competently about them.

2. On May 20, 2008 I telephoned John Sullivan, an attorney at Severson & Werson who was lead counsel for Bank of America in action CV-08-0321 MMC and is also lead counsel for defendant Seattle Mortgage Company herein, to discuss this motion. I briefly explained why we believed that it was appropriate to notify the Court about the related nature of the actions and asked him whether he would stipulate to this motion. Mr. Sullivan stated that he would think about the matter and discuss it with his client.

3. On May 27, 2008 I received an email from Andrea Henningsen, another attorney at Severson & Werson who is working on this matter, stating that because the case against Bank of America had been dismissed shortly after filing, defendant did not agree that the cases are related within the meaning of the Local Rule and did not intend to so stipulate.

///

///

4

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1 | I declare under penalty of perjury under the laws of the United States that the foregoing
2 | is true and correct, and was executed on May 27, 2008.

*[signature]*

Nance F. Becker

```
 1  BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC
    ANDREW S. FRIEDMAN (to be admitted pro hac vice)
 2  GARRETT W. WOTKYNS (to be admitted pro hac vice)
    2901 N. Central Avenue, Suite 1000
 3  Phoenix, AZ 85012
    Telephone: (602)274-1100
 4  Facsimile:  (602)274-1199

 5  CHAVEZ & GERTLER LLP
    MARK A. CHAVEZ (Bar No. 90858)
 6  NANCE F. BECKER (Bar No. 99292)
    DAN GILDOR (Bar No. 223027)
 7  42 Miller Ave.
    Mill Valley, CA  94941
 8  Telephone: (415) 381-5599
    Facsimile:  (415) 381-5572

 9  Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY B. LABRADOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE MORTGAGE COMPANY,<br><br>Defendant. | Case No.: C-08-2270-SC<br><br>**[PROPOSED] ORDER** |

For the reasons stated in plaintiff's Administrative Motion To Determine Whether Cases Should Be Related, the Court finds that this case is related to previously-filed action number CV-08-0321 MMC, and accordingly orders it transferred back to the Honorable Maxine Chesney.

IT IS SO ORDERED.

Dated: _____

THE HONORABLE SAMUEL CONTI
Judge Of The Northern District of California

1  BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC
   ANDREW S. FRIEDMAN (to be admitted *pro hac vice*)
2  GARRETT W. WOTKYNS (to be admitted *pro hac vice*)
   2901 N. Central Avenue, Suite 1000
3  Phoenix, AZ 85012
   Telephone: (602) 274-1100
4  Facsimile:  (602) 274-1199

5  CHAVEZ & GERTLER LLP
   MARK A. CHAVEZ (Bar No. 90858)
6  NANCE F. BECKER (Bar No. 99292)
   42 Miller Ave.
7  Mill Valley, CA 94941
   Telephone: (415) 381-5599
8  Facsimile:  (415) 381-5572

9  Attorneys for Plaintiff

10                UNITED STATES DISTRICT COURT

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 | MARY B. LABRADOR, individually and on ) Case No.: C-08-2270-SC
   | behalf of all others similarly situated,      )
13 |                                               )
   |                    Plaintiff,                 ) <u>CLASS ACTION</u>
14 |                                               )
   |       vs.                                     ) **PROOF OF SERVICE**
15 |                                               )
   | SEATTLE MORTGAGE COMPANY,                     )
16 |                                               )
   |                                               )
17 |                    Defendant.                 )
   |                                               )
18 |                                               )
   |                                               )
19

---

PROOF OF SERVICE OF SUMMONS, COMPLAINT, AND OTHER INITIATING DOCUMENTS

Labrador v Seattle Mortgage Company
United States District Court – Northern District Court Case No. C-08-2270-SC

**PROOF OF SERVICE**
(C.C.P. §1013a(3))

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF MARIN     )

I am employed in the County of Marin, State of California. I am over the age of 18 years and not a party to the within action; my business address is Chavez & Gertler LLP, 42 Miller Avenue, Mill Valley, CA 94941.

On May 27, 2008, I served the foregoing documents:

- **ADMINISTRATIVE MOTION TO DETERMINE WHETHER CASES SHOULD BE RELATED**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to each as follows:

John B. Sullivan
Severson & Werson
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
Tel. (415) 283-4911
Fax (415) 956-0439

[X]   **BY FACSIMILE:** Upon transmission of the facsimile, no error was reported by the facsimile machine.

Executed on May 27, 2008, at Mill Valley, CA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Peter Newcome*
Peter Newcome

1

PROOF OF SERVICE