BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC
ANDREW S. FRIEDMAN (admitted pro hac vice)
afriedman@BFFB.com
GARRETT W. WOTKYNS (admitted pro hac vice)
gwotkyns@BFFB.com
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: (602) 274-1100
(602) 274-1199 (fax)

CHAVEZ & GERTLER LLP
MARK A. CHAVEZ (Bar No. 90858)
mark@chavezgertler.com
NANCE F. BECKER (Bar No. 99292)
nance@chavezgertler.com
42 Miller Ave.
Mill Valley, CA 94941
Telephone: (415) 381-5599
(415) 381-5572 (fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY B. LABRADOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE MORTGAGE COMPANY,<br><br>Defendant | Case No.: CV-08-2270 SC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        Sept. 5, 2008<br>Time:       10:00 A.M.<br>Courtroom: B, 15th Fl.<br>Before:      Hon. Samuel Conti |

Plaintiff Mary Labrador ("Plaintiff") and Defendant Seattle Mortgage Company ("SMC") submit this Joint Case Management Statement in connection with the Initial Case Management Conference to be held on September 5, 2008.

1. Jurisdiction and Service

This action was filed in the Superior Court for the City and County of San Francisco on March 19, 2008 and was removed to this Court on May 1, 2008. The Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d). All parties have been served.

2. Facts

Plaintiff Mary Labrador is an 82-year-old resident of San Francisco who obtained a federally-insured "reverse mortgage" loan from SMC in August 2006. The loan was arranged through Plaintiff's mortgage broker, Home Center. Among the various closing costs that Ms. Labrador was charged was a $7,255.80 "origination fee" which was paid to SMC but conveyed in its entirety to Home Center. SMC also paid Home Center a "correspondent fee" of $490 in connection with the loan.

Plaintiff alleges that the origination fee violated applicable regulations promulgated by the Department of Housing and Urban Development (HUD) and was unlawful. An origination fee is intended to compensate a lender for costs and expenses incurred in connection with the making of a loan. In this case, however, the purpose and effect of the fee was to give Home Center a financial incentive to refer, and continue referring, reverse mortgage customers to SMC. Payment of such "back door" referral fees is prohibited by HUD regulation 24 C.F.R. § 206.31(a)(1), which states: "A mortgage broker's fee can be included as part of the origination fee only if the mortgage broker is engaged independently by the homeowner *and if there is no financial interest between the mortgage broker and the mortgagee* [emphasis added]." Plaintiff contends that SMC's payment of a correspondent fee created a "financial interest" between SMC and Home Center, and that no origination fees could, therefore, legally be charged. Plaintiff avers that similar unlawful origination fees were charged to thousands of other seniors who obtained reverse mortgage loans through mortgage brokers who referred them to SMC, and seeks relief on behalf of all such similarly-situated individuals.

SMC disputes those allegations, contending that the payment of the correspondent fee to Home Center does not create a "financial interest" between SMC and Home Center within the meaning of the HUD regulations. Accordingly, the payment of the origination fee in plaintiff's loan transaction is not illegal or improper in any way.

3.  Legal Issues

Plaintiff contends that SMC's failure to comply with the HUD regulations pertinent to reverse mortgage loans constitutes financial elder abuse prohibited by the California Elder Abuse Act, Welf. & Inst. Code § 15610.30 and § 15657.5; an unlawful business practice prohibited by the California Unfair Competition Law, Bus. & Prof. Code § 17200; and an unfair consumer practice for which she is entitled to relief under the Consumers Legal Remedies Act, Civil Code § 1750 *et seq*. Plaintiff asks the Court to impose a constructive trust on the unlawfully collected fees; to declare the rights of the parties; to enjoin future wrongdoing; and to award restitution and penalties to the class.

SMC contends that there is no "financial interest" between SMC and its mortgage brokers, and that the absence of such an interest is fatal to all of Plaintiff's claims. SMC also contends that there is no private right of action under the Elder Abuse Act and that the CLRA is inapplicable to Plaintiff's claims.

4.  Motions

SMC has filed a motion to dismiss each of Plaintiff's causes of action, which is scheduled to be heard the same day as this Conference.

5.  Amendment of Pleadings

None expected.

6.  Evidence Preservation

Plaintiff has requested that SMC undertake all appropriate actions to preserve the evidence relevant to her claims.

SNC has implemented a "litigation hold" to preserve documentation, electronic or otherwise, relevant to the matters at issue in this lawsuit. The preserved documentation includes

information regarding plaintiff's account, including correspondence, account details, and origination file.

7. <u>Rule 26 Disclosures</u>

The parties have agreed to exchange Rule 26 disclosures on September 26, which is three weeks after the hearing on SMC's motion to dismiss.

8. <u>Discovery</u>

Discovery has not yet commenced. The parties anticipate that they will exchange document requests and interrogatories and take depositions after Initial Disclosures are completed. Expert testimony regarding the reverse mortgage industry and Plaintiff's damages claims will likely be presented, and the parties will need to need to engage in appropriate discovery into those issues.

9. <u>Class Action Proposal</u>

A proposed schedule for the briefing and determination of Plaintiff's class certification motion is set forth in section 17 below.

10. <u>Related Cases</u>

None.

11. <u>Relief</u>

Plaintiff seeks the following relief:

Restitution of all origination fees wrongfully collected from class members, with interest thereon, pursuant to Bus. & Prof. Code § 17200;

Imposition of a constructive trust;

Treble damages and penalties for elder abuse, pursuant to Civil Code § 3345;

Reasonable attorneys' fees and costs, pursuant to Welf. & Inst. Code § 15657.5 and Civil Code § 1780(d);

An injunction prohibiting SMC from continuing to engage in unlawful reverse mortgage practices; and

A declaration of SMC's liability and future obligations.

12. <u>Settlement and ADR</u>

Each of the parties has filed an ADR certification and an ADR Stipulation agreeing to mediation before a Magistrate Judge. The Court has ordered that a mediation session be conducted on or before November 19, 2008. The date has not yet been set.

13. <u>Consent to Magistrate</u>

SMC has declined to consent to the assignment of this case to a U.S. Magistrate Judge.

14. <u>Other References</u>

No other references are contemplated at this time.

15. <u>Narrowing of Issues</u>

The parties reserve their rights to move for summary adjudication.

16. <u>Expedited Schedule</u>

This is a putative class action involving complex factual issues and novel issues of law; it is not appropriate for expedited scheduling.

17. <u>Proposed Schedule</u>

The parties have agreed on the following proposed schedule. The parties request that further scheduling decisions, including the timing of expert disclosures, dispositive motions, and pretrial matters, be deferred until after the Court determines whether to certify the case as a class action.

| Date | Event |
|---|---|
| 5/30/09 | Completion of class certification fact discovery |
| 6/26/09 | Plaintiff to file motion for class certification |
| 7/24/09 | Defendant to file opposition to motion for class certification |
| 8/7/09 | Plaintiff to file reply in support of class certification |
| _____ | Hearing on class certification |
| _____ | Case Management Conference (2 weeks after ruling on class certification) |

18. <u>Trial</u>

Plaintiff has demanded a jury trial. The parties will address the issues related to the trial in their subsequent Case Management Statement.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

4

On May 1, 2008, SMC filed a Certificate of Interested Parties (Civil L.R. 3-16) disclosing that Seattle Savings Bank is its parent company and Seattle Financial Group is its holding company.

20. <u>Other Matters</u>

The parties have agreed to stipulate to a protective order modeled on the Northern District form.

Dated: August 29, 2008               CHAVEZ & GERTLER LLP

                                     BONNETT, FAIRBOURN, FRIEDMAN
                                     & BALINT, PC


                                By:  _____
                                     Nance F. Becker
                                     Attorneys for Plaintiff


Dated: August 29, 2008               SEVERSON & WERSON


                                By:  ____/s/_____
                                     Sunny Huo
                                     Attorneys for Defendant

I certify that Sunny Huo has authorized me to sign this Joint Case Management Conference Statement on his behalf.

_____
Nance F. Becker


**Plaintiff's Supplemental Class Action Statement (Local Rule 16-9(b)**

1. Plaintiff initially brought this putative class action pursuant to California Code of Civil Procedure § 382 and Civil Code § 1780. Class certification is equally appropriate under subsections (b)(2) and (b)(3) of Fed.R.Civ.Proc. 23.

2. Plaintiff seeks to represent herself and a class consisting of the following individuals:

All "elders" in California: (a) who used a mortgage broker to purchase a reverse mortgage that was originated, structured and/or underwritten by Defendant at any time during the four years preceding the filing of this Complaint, and continuing until the date of trial; and (b) who were charged an "origination fee" that was conveyed, in whole or in part, to an originating mortgage broker, when the mortgage broker was also paid a "correspondent fee" or similar fee in connection with the loan.

3. Plaintiff satisfies all of the requirements necessary to certify a class under Rule 23(a):

(1) Class treatment is appropriate because the members of the proposed Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that Class members number into the thousands; for example, in a pleading filed in January 2008, Bank of America (who has purchased all or a portion of SMC's business) stated that SMC made 2,200 reverse mortgages to California residents during the relevant time period.

(2) There are material questions of fact and law common to all members of the Class. These include, but are not limited to, the following:

Whether the payment of correspondent fees creates a "financial interest" between SMC and its mortgage brokers;

Whether SMC has charged, and is continuing to charge, consumers reverse mortgage origination fees which violate HUD regulations;

Whether SMC's conduct violates the Elder Abuse Act;

Whether the reverse mortgage products and services at issue are "goods or services" subject to the CLRA;

Whether SMC has committed unlawful business practices; and

Whether SMC has been unjustly enriched.

(3) Plaintiff's claims are typical of those of the absent Class Members. Because reverse mortgages are based on the value of the residence securing the loan and not on individual characteristics (such as the credit score) of the borrower, reverse mortgage cases are uniquely amenable to class resolution.

(4) Plaintiff is typical of SMC's reverse mortgage customers and is ready, willing and able to represent the interests of the Class. Plaintiff has retained counsel who are highly

experienced in complex class action litigation, including class actions involving consumer financial services. Plaintiff's counsel will vigorously prosecute this action, and will fairly and adequately protect the interests of the Class.

Plaintiff satisfies all of the requirements necessary to certify a class under Rule 23(b)(2). The challenged practices reflect SMC's standard policies and practices with regard to the compensation of correspondent lenders and mortgage brokers. With respect to the assessment of origination fees, SMC has acted and continues to act on grounds generally applicable to each member of the Class, and it is therefore appropriate to award injunctive and/or declaratory relief with respect to the Class as whole.

Plaintiff also satisfies the requirements necessary to certify a class under Rule 23(b)(3). The common questions identified above are common to all members of the Class, and predominate over any questions affecting individual members. Origination fees are based on a standard formula, and the amount of restitution due to each Class member can easily be determined by reference to his or her HUD-1 settlement statement. The amount at stake for any individual Class Member is small, thus making disputes regarding control of the litigation highly unlikely.

4. As set forth above, the parties propose that Plaintiff file her motion for class certification on June 26, 2009.

Dated: August 29, 2008

CHAVEZ & GERTLER LLP

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC

By: /s/ Nance F. Becker
Nance F. Becker
Attorneys for Plaintiff