IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LABRADOR, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SEATTLE MORTGAGE COMPANY,<br><br>    Defendant. | Case No. 08-2270 SC<br><br>ORDER RE:<br><u>ADMINISTRATIVE MOTIONS</u> |

## I.   INTRODUCTION

Before the Court is an Administrative Motion by Defendant Seattle Mortgage Company ("Defendant") to file documents under seal.  ECF No. 83 ("Def.'s Admin. Mot.").  Plaintiff Mary Labrador ("Plaintiff") has not opposed this motion.  For the following reasons, the Court DENIES Defendant's Administrative Motion, and ORDERS Plaintiff to refile its earlier Administrative Motion.

## II.  BACKGROUND

This is a putative class action arising out of Defendant's sale of reverse-mortgage loans to Plaintiff and others similarly situated.  First Amended Complaint, ECF No. 65 ("FAC").  On July 23, 2010, Plaintiff filed her Motion to Certify the Class.  ECF No. 75 ("Mot. to Certify the Class").  On the same day, Plaintiff filed

an Administrative Motion to file documents under seal in support of her Motion to Certify the Class; these documents were produced by Defendant in discovery. ECF No. 76 ("Pl.'s Admin Mot."). Because no protective order was in place, the Court denied Plaintiff's Administrative Motion. ECF No. 79. On August 26, 2010, the parties filed a Stipulated Protective Order, ECF No. 80, which the Court granted on August 30, 2010, ECF No. 85. On August 25, 2010, Defendant filed an ex parte motion for additional time to file its Opposition to Plaintiff's Motion to Certify the Class. ECF No. 81. The Court granted this ex parte motion, citing Defendant's excusable neglect, and provided Defendant with an additional seven days to file its Opposition. ECF No. 86. Now Defendant brings its own Administrative Motion to file this Opposition under seal, as well as a declaration supporting the Opposition ("Supporting Decl.") and two exhibits ("Supporting Decl. Exs. A and B").

### III. **LEGAL STANDARD**

Because of the "strong presumption in favor of access" to court documents, the court's power to seal documents is limited. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Civil Local Rule 79-5(a) provides:

> No document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c).

If the motion is dispositive, the Ninth Circuit additionally mandates that parties "articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178-79 (internal quotations omitted). Compelling reasons exist if publicly filing the information would "result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1116 (9th Cir. 2009).

**IV.  DISCUSSION**

Defendant seeks to file under seal its entire Opposition to Plaintiff's Motion to Certify the Class, as well as the Supporting Declaration, and two exhibits.  Def.'s Admin. Mot. at 1.  Under Rule 79-5(b), counsel seeking to file an entire document under seal must "[f]ile and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the entire document is sealable."  Pursuant to Northern District of California General Order Number 62, this declaration should be e-filed under seal and served manually.

In accordance with this procedure, Defendant has e-filed under seal the declaration of Michael Hasen ("Hasen"), counsel for Defendant.  ECF No. 83-1.  In this one-page declaration, Hasen makes the conclusory statement that the documents are "highly confidential by their very nature and disclosure would be problematic for a variety of reasons."  Id. ¶ 4.  Hasen states: "providing more detail in this public filing would defeat the purpose of this request."  Id.

3

In this last statement, Defendant evinces a misunderstanding of Civil Local Rule 79-5 and General Order 62. Under General Order 62, a motion to file documents under seal should be supported with a declaration, and this declaration should be e-filed under seal. This provides the movant with a private channel to establish the documents are privileged or otherwise protectable, outside the public record. In accordance with General Order 62, the Hasen Declaration was e-filed under seal; as such, it is an appropriate forum for a candid and detailed discussion of why the Opposition and supporting documents should be sealed.

The Ninth Circuit has not ruled as to whether a motion for class certification is a dispositive motion for the purposes of determining whether the "compelling reasons" standard applies. However, the Court finds that many of the concerns the Ninth Circuit identified in Kamakana for applying the "compelling reasons" test to dispositive motions are present here. If the Court sealed Defendant's Opposition and then ruled in favor of Defendant on Plaintiff's Motion, the grounds for the ruling would be kept secret from the public. This would not only hinder "the public's understanding of the judicial process," id., it would also slow the development of the law on class certification.

Even if Kamakana does not apply, the threadbare assertions Defendant makes in the Hasen Declaration fall far short of what our district's local rules require: that the party establish that the documents "are privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(a). The two documents attached as exhibits were produced by a government agency, and at least one, Supporting Decl. Ex. A, is

4

1  publicly available on the agency's web site.  Defendant has not
2  alleged that the second document, id. Ex. B, is not also publicly
3  available.  Defendant's Opposition and Supporting Declaration also
4  recite information about Defendant's company.  Def.'s Admin. Mot.
5  at 6, Supporting Decl. ¶ 6.  However, Defendant never claims that
6  this specific information is confidential or privileged.  Nor does
7  Defendant's Administrative Motion satisfy Civil Local Rule 79-5's
8  "narrowly tailored" requirement -- rather than simply redacting
9  privileged or confidential information, Defendant seeks to seal the
10 entire Opposition, Supporting Declaration, and attached exhibits.
11 The bulk of Defendant's thirteen-page Opposition bears no
12 connection to what Defendant implicitly suggests is confidential
13 business information.  See Opp'n at 2-4, 10-13.
14      For these reasons, the Court DENIES Defendant's Administrative
15 Motion.  Under General Order 62, Defendant now has two options.  It
16 may retain the documents and not make them part of the record in
17 the case, which would leave Plaintiff's Motion to Certify the Class
18 unopposed.  Plaintiff may also, within four days, e-file the
19 documents unsealed.  Because General Order 62 was recently enacted
20 and because Defendant argues that it will be greatly harmed if the
21 documents are filed unsealed, the Court gives Defendant a third
22 option: Defendant may, by 5 p.m. on Friday, September 3, 2010,
23 submit a second administrative motion to file under seal portions
24 of its Opposition and supporting documents under Civil Local Rules
25 79-5(a) and (c).  Defendant may file redacted versions of its
26 Opposition, Supporting Declaration, and exhibits, but it may not
27 otherwise alter the text of these documents.  Defendant's sealing
28 request should be narrowly tailored, and the declaration in support

of the motion should be detailed and candid enough for the Court to determine if the information is privileged or protectable as a trade secret or otherwise entitled to protection under the law. The Court also notes that this is the second occasion in three days in which the Court has chalked up Defendant's improper filings to "excusable neglect," and places Defendant on notice that it will be less tolerant of procedural errors as the case moves forward. In addition, because a protective order is now in place, Plaintiff shall re-file her July 23, 2010 Administrative Motion to file documents under seal, and Defendant shall respond in accordance with Rule 79-5 and General Order 62.

## V. CONCLUSION

For the foregoing reasons, Defendant Seattle Mortgage Company's Administrative Motion to file under seal is DENIED. As explained above, Defendant must e-file the document unsealed or submit an administrative motion to file under seal portions of its Opposition and supporting documents. If Defendant takes no action, the Court will assume Defendant has elected to retain the documents and not file an opposition to Plaintiff Mary Labrador's Motion to Certify the Class. The Court also orders Plaintiff to refile her July 23, 2010 Administrative Motion.

IT IS SO ORDERED.

Dated: September 1, 2010

UNITED STATES DISTRICT JUDGE

6