1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   MARY LABRADOR, individually and on ) Case No. 08-2270 SC
    behalf of all others similarly     )
8   situated,                          ) ORDER GRANTING PRELIMINARY
                                        ) APPROVAL OF SETTLEMENT
9                    Plaintiff,         )
                                        )
10                                      )
           v.                           )
11                                      )
    SEATTLE MORTGAGE COMPANY,           )
12                                      )
                     Defendant.         )
13  _____)

14

15       Plaintiff Mary Labrador ("Plaintiff"), on behalf of herself

16  and a proposed class of similarly situated elders, and Defendant

17  Seattle Mortgage Company ("SMC"), have entered into a Settlement

18  Agreement which would fully and completely resolve this litigation.

19  See ECF No. 98-1 Ex. A ("Settlement Agreement").  Plaintiff has

20  moved for, and SMC has stated that it does not oppose, an order

21  preliminarily approving the Settlement and ordering that notice be

22  given to the class.  ECF No. 98 ("Mot.").  The matter having come

23  before the Court on November 15, 2010 and good cause appearing, the

24  Court hereby grants the motion and orders as follows:

25  1.   The Court finds that the proposed Settlement Class meets each

26       of the requirements of Federal Rule of Civil Procedure 23(a).

27       (i) Numerosity.  The claims of the Settlement Class are

28       numerous, because the evidence shows that over 11,000 elders

**United States District Court**
For the Northern District of California

in California, Florida Hawaii, Michigan, Minnesota, Missouri, Nevada, New Jersey, Ohio, Pennsylvania, Rhode Island, and Washington who purchased Home Equity Conversion Mortgage ("HECM") loans funded by defendant Seattle Mortgage Company ("SMC") are situated similarly to the Plaintiff.  Each of such homeowners was charged a "loan origination" fee by SMC in connection with a HECM loan referred by a loan correspondent, while SMC also paid the loan correspondent a "correspondent" or "service release premium" fee.  (ii) <u>Commonality</u>.  The commonality requirement of Rule 23(a) is met because the legality of SMC's loan correspondent compensation practices is a common issue which equally affects all members of the proposed class.  If, as Plaintiff contends, SMC's relationship with its sponsored loan correspondents and mortgage brokers, including its standard formula for compensating those correspondents and brokers for the origination of HECM loans in SMC's name, creates a "financial interest" within the meaning of 24 C.F.R. § 206.31, then the regulation prohibited SMC from charging homeowners the origination fees that were paid to the correspondent brokers.  (iii) <u>Typicality</u>. Plaintiff Labrador's claims are typical of the claims of the class, in that her claims arise from the same practice or course of conduct that forms the basis of all class members' claims, and are based upon the same legal theory.  Mrs. Labrador is a typical California senior who refinanced her residence through an SMC-funded HECM loan and was charged allegedly illegal origination fees.  (iv) <u>Adequacy</u>. Plaintiff Labrador is an adequate class representative.  Plaintiff has

**United States District Court**
For the Northern District of California

1  retained qualified counsel and there is no evidence of any

2  antagonism or conflict of interest between her and the other

3  members of the class.

4  2.  Plaintiff's claims meet the requirements of Rule 23(b)(3).

5  The common questions of law and fact discussed above clearly

6  predominate over any questions potentially affecting

7  individual members of the class, and a class action is

8  superior to other available methods for the fair and efficient

9  adjudication of the controversy.  Because the amount of money

10  at issue for each individual member of the class is relatively

11  small, it would be difficult for class members to prosecute

12  individual actions.  Further, the legal issue presented by

13  Plaintiff's claim is complex, and in the absence of a class

14  action there is a risk of inconsistent and conflicting

15  verdicts.  The Court is unaware of any other cases involving

16  similar claims, and there is no evidence that any class member

17  has an interest in individually controlling a separate claim.

18  A class proceeding is manageable, as Plaintiff has shown that

19  the identity of class members and the amount of the alleged

20  overcharges are readily ascertainable from SMC's computer

21  systems.

22  3.  Based on the foregoing, the Court conditionally certifies the

23  following Settlement Class:  All elders who, prior to June 20,

24  2007, entered into a Home Equity Conversion Mortgage through a

25  loan correspondent sponsored by SMC and whose claims are not

26  time-barred.  Excluded from the class is anyone whose HECM

27  loan was discharged through bankruptcy, or whose bankruptcy

28  petition is pending as of the date the Settlement becomes

final.

4.   Pursuant to Federal Rule of Civil Procedure Rule 23(g), the Court appoints Schneider Wallace Cottrell Brayton Konecky LLP, Chavez & Gertler LLP, and Bonnett, Fairbourn, Friedman & Balint PC as Class Counsel, and Mary B. Labrador as class representative.

5.   The Court authorizes the parties to retain Rust Consulting, Inc. as the Settlement Administrator.

6.   The final Fairness Hearing shall be held before this Court on January 7, 2011 at 10:00 a.m. to hear any objections and to determine: (i) whether the proposed settlement and compromise of this action as set forth in the Settlement Agreement is fair, reasonable, and adequate for Settlement Class Members and should be approved by the Court; (ii) whether to approve the request of Class Counsel for payment of attorneys' fees, costs and expenses; (iii) whether to approve the class representative's request for payment of a service award; and (iv) whether Final Judgment should be entered.  Notice of such hearing, in substantially the form as filed with the Court on November 15, 2010, see ECF No. 107-1 Ex. A,[1] shall be mailed to Settlement Class Members five (5) days after the entry of this Order in the manner set forth in paragraph 6 of the Settlement Agreement.

7.   Any interested person may appear at the Fairness Hearing to show cause why the Settlement and/or the requests for attorneys fees and a service award should or should not be

---

[1] Parties shall amend this Notice to reflect the dates and deadlines provided in this Order, and file a copy of the revised Notice with the Court.

approved.   However, no person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the proposed fee and/or service awards unless that person has filed such papers with this Court on or before December 31, 2010.   Any Settlement Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection he or she may have to class certification, to the fairness, adequacy, or reasonableness of the Settlement, to the amount of attorneys' fees and reimbursements approved, and to the amount of any service award approved.

8.   Any Settlement Class Member who wishes to be excluded from the Settlement class and not be bound by the Settlement Agreement must mail a request for exclusion to the Settlement Administrator, postmarked no later than within thirty-five (35) days after Notice is mailed.   For a request for exclusion to be valid, it must be timely and must: (i) state the name of this lawsuit, *Labrador v. Seattle Mortgage Company*; (ii) include an unequivocal statement that the individual wishes to "opt out" or be excluded from the Settlement; (iii) state the individual's full name and address; and (iv) be signed and dated.   Any Settlement Class Member who does not submit a timely request for exclusion shall be bound by the Settlement Agreement, including the Release set forth in paragraph 3 thereof, and by the Final Judgment in this matter if and when it is entered.   Any Settlement Class Member who properly opts out will be deemed to have waived any rights or benefits under the Settlement Agreement, and will not have standing to object

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   to the Settlement or to seek to intervene in the action.

2   9.   All memoranda and other documents in support of Class

3        Counsel's request for costs and attorneys' fees and the class

4        representative's request for a service award shall be filed

5        within five (5) days after the entry of this Order.

6   10.  All memoranda and other documents in support of final approval

7        of the Settlement shall be filed on or before December 31,

8        2010 (seven (7) days prior to the Fairness Hearing).

9   11.  All other deadlines and proceedings in this litigation are

10       hereby stayed through the date of the Fairness Hearing.

11  12.  The Court expressly reserves its right to adjourn the Fairness

12       Hearing from time to time without further notice other than to

13       counsel of record and to approve the proposed Settlement and

14       request for attorneys' fees and expenses and the request for a

15       service payment to the class representative at or after the

16       originally scheduled Fairness Hearing.

17  13.  If for any reason the settlement is not finally approved or

18       does not become effective, this provisional approval and class

19       certification order shall be null and void, and shall not be

20       used or referred to for any purpose in this action or any

21       other action or proceeding.

22

23       IT IS SO ORDERED.

24

25       Dated: November 16, 2010

26                                          UNITED STATES DISTRICT JUDGE

27

28