**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LABRADOR, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>SEATTLE MORTGAGE COMPANY,<br><br>        Defendant. | Case No. 08-2270 SC<br><br>ORDER RE: DEFENDANT'S <u>EX PARTE APPLICATION</u> |

    Before the Court is an Ex Parte Application for an Order of Final Approval of the Class Action filed by Defendant Seattle Mortgage Company ("Defendant"). ECF No. 119 ("Application"). Plaintiff Mary Labrador ("Plaintiff") filed a statement advising the Court that she does not intend to oppose or otherwise address the merits of Defendant's Application. ECF No. 120.

    The class in this action was certified on September 22, 2010. ECF No. 97. On October 19, 2010, before notice was sent to the class, the parties jointly filed a Motion for Preliminary Approval of Settlement. ECF No. 98 ("Mot. for Preliminary Approval"). In a concurrently filed Motion to Shorten Time, the parties requested that the Court rule on the Motion for Preliminary Approval immediately and without a hearing and schedule the hearing on the Motion for Final Approval no later than December 17, 2010. ECF No.

99.

Such a compression of a class action settlement schedule is highly unusual. Typically, the preliminary approval and final approval hearings are held ninety days apart, to ensure the class receives adequate notice of the proposed settlement. In documents filed under seal, the parties argued that financial considerations necessitated the compressed schedule, and stated in sworn declarations that the bank would become insolvent and no class members would recover if the Court scheduled the final fairness hearing ninety days from the preliminary approval hearing. ECF No. 102. The parties stated that effective notice could be provided to the class even on this compressed schedule, because the class members were all current or former customers of Defendant, and Defendant claimed it had already produced a preliminary contact list. Mot. for Preliminary Approval at 12. The Court granted in part and denied in part the Motion to Shorten Time and granted the Motion for Preliminary Approval, scheduling the hearing on the Motion for Final Approval for January 7, 2011. ECF Nos. 101, 108. Plaintiff subsequently filed an unopposed Motion for Final Approval. ECF No. 117.

In the documents filed in support of the Motion for Final Approval, Defendant stated that of the 11,638 notices mailed via first-class mail, 806 were returned and not redelivered. Hassen Decl. ¶ 2.[1] No further action was taken to locate these class members. Because the proposed settlement would award class members an average of $336, these unnoticed class members collectively

---

[1] Michael Hassen ("Hassen"), counsel for Defendant, filed a declaration in support of the Motion for Final Approval. ECF No. 116.

represent a $270,816 estimated financial interest in the settlement. Mot. for Preliminary Approval at 6.

At the January 7, 2011 hearing on the Motion for Final Approval, the Court notified the parties that all provisions of the settlement appeared fair -- including Plaintiff's counsel's Motion for Attorneys' Fees -- with the single exception of the lack of notice to these 806 class members. ECF No. 118. The Court continued the hearing to March 4, 2011 and instructed the parties to take additional steps to perfect notice on the class. Id.

Defendant now states that due to "financial developments directly related to matters Defendant previously filed under seal," continuation of the hearing to March 4, 2011 will threaten the viability of the settlement. Application at 1. Defendant seeks an off-the-record hearing to discuss the details of this crisis with the Court. Id. Defendant also submitted to the Court a letter providing greater detail on this issue.

The Court has reviewed the documents and finds that a hearing is not necessary. The Court's sole issue with the proposed settlement is that 806 class members have not received notice. These individuals suffer two losses under the settlement. First, they lose the opportunity to challenge or opt out of this settlement. Second, they lose the opportunity to collect their portion of the settlement, because unmade payments to class members are distributed cy pres. Settlement Agreement § 14.

The Court continued the hearing on final approval to provide adequate time for these issues to be addressed. However, the Court realizes that it may be possible to protect these class members' interests and approve the settlement in advance of the March 4,

2011 hearing.  If the parties so desire, they may stipulate to a modification of the settlement agreement that would set aside the unnoticed class members' portion of the cash award (approximately $270,000) and provide for more extensive attempts at notice to the unnoticed class members, with any undistributed funds distributed among the class as a whole.  The Court will consider other jointly proposed modifications to the settlement that protect the interests of these unnoticed class members.  If the Court grants such a modification, it will grant the Motion for Final Approval and vacate the March 4, 2011 hearing.

IT IS SO ORDERED.

Dated: January 13, 2011



UNITED STATES DISTRICT JUDGE