United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LABRADOR, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>SEATTLE MORTGAGE COMPANY,<br><br>                    Defendant.<br>_____ | Case No. 08-2270 SC<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

Before the Court is Plaintiff Mary Labrador's Motion for Final Approval of Class Action Settlement, ECF No. 117 ("Mot. for Final Approval"), which Defendant Seattle Mortgage Bank ("SMC") supports, ECF Nos. 115, 116, 119.  At the January 7, 2011 hearing on the motion, the Court continued the motion to March 4, 2011, instructing the parties to continue efforts to perfect notice on the 806 Class Members who had not yet received notice of the Settlement.  ECF No. 118.  In a January 14, 2011 order, the Court stated that it would grant final approval of the Settlement in advance of the March 4, 2011 hearing if the parties stipulated to an amended Settlement Agreement that protected the rights of these unnoticed Class Members.  ECF No. 121.  The parties have since filed a stipulation in which they state that 813 Class Members --

United States District Court
For the Northern District of California

rather than 806 -- have not received notice of the Settlement, and they agree to undertake additional steps to provide notice to these Class Members. ECF No. 122. Specifically, the parties agree to withhold a portion of the Settlement for these unnoticed Class Members, send a new Notice of Settlement to these unnoticed Class Members, and provide them with additional time to opt out of or object to the Settlement. Id.

In light of this stipulation, and having reviewed the documents and good cause appearing, the Court GRANTS the Motion subject to the following conditions, and ORDERS, ADJUDGES, and DECREES as follows:

1.    The Court has jurisdiction over the subject matter of this action and over all parties hereto, including the members of the Settlement Class.

2.    The Court certifies the following Settlement Class:

> All elders, meaning any individual who was 65 years of age or older at the time his or her Home Equity Conversion Mortgage closed, who, prior to June 20, 2007, entered into a Home Equity Conversion Mortgage through a loan correspondent sponsored by SMC and whose claims are not time-barred. Excluded from the class is anyone whose Home Equity Conversion Mortgage was discharged through bankruptcy, or whose bankruptcy petition is pending as of the date the Settlement becomes final.

3.    The Court previously certified a California-only class. ECF No. 97. In the order granting class certification, the Court found that the action satisfied the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Id. The expanded Settlement Class likewise meets the requirements of Rule 23(a):

a.    The Class includes about 11,638 individuals and is so numerous that joinder of all members is impracticable;

   b.   There are questions of law and fact common to the Class;

   c.   The claims of Representative Plaintiff Mary Labrador ("Representative Plaintiff") are typical of the claims of the Class; and

   d.   The Representative Plaintiff will fairly and adequately protect the interests of the Class.

4.   The Settlement Class also meets the requirements for certification as a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, in that questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

5.   The Settlement Agreement was reached through arms-length, adversary bargaining between the parties.  There has been no collusion between the parties in reaching the settlement.

6.   Before entering into the settlement, the parties engaged in sufficient investigation and discovery regarding the claims Plaintiff alleged to allow counsel to act knowledgeably in negotiating the settlement and to allow the Court to act intelligently in weighing its fairness.

7.   Mary Labrador is an adequate class representative and has fulfilled her obligations to the Court and to the Class.

8.   The Court appoints Mark A. Chavez and Nance F. Becker of Chavez & Gertler LLP and Mark T. Johnson, Todd Schneider and Garrett Wotkyns of Schneider Wallace Cottrell Brayton Konecky LLP as class counsel, finding that they have the experience and qualifications necessary to represent the Class.

**United States District Court**
For the Northern District of California

9.   The Settlement Agreement executed by the parties provides substantial benefits to the Class Members in the form of monetary relief and protection against future harm.  The Settlement provides for the establishment of a $4 million Qualified Settlement Fund to be funded by payment from SMC's insurance policy with Colonial American.  Mot. for Final Approval at 6-7.  The Settlement Administrator estimates that the total cost for this project will be $56,128.  When all administrative costs and such attorneys' fees, costs, expenses, and service award as may be approved by the Court are paid, the balance of the Settlement Fund will be distributed to the Settlement Class Members in the same proportion that the origination fee imposed on each Class Member upon the closing of his or her loan bears to the total origination fees imposed on all members of the Class.  Id.  The parties estimate that Class Members will receive an average of $370 under the settlement.  Id.

10.   With the exception of the 813 unnoticed Class Members, the members of the Settlement Class have been provided with adequate notice of the settlement terms.  The notice given to the members of the Settlement Class adequately disclosed the terms and effect of the Settlement, including the requested attorneys' fee and service award, was the best notice practicable under the circumstances, and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to class members, and otherwise met the requirements of all applicable laws.[1]

---

[1] Because the parties admit that notice to the Class provided incorrect deadlines for Class Members to opt out and object, the

**United States District Court**
For the Northern District of California

11. With the exception of the 813 unnoticed Class Members, class members were given an adequate opportunity to object to the terms of the settlement. No objections were received.

12. With the exception of the 813 unnoticed class members, class members were given an adequate opportunity to request to be excluded from the Settlement. Six members have elected to be excluded. The names and addresses of those members who have opted out of the settlement are set forth in Exhibit A hereto.

13. Based on the foregoing, the Settlement Agreement is hereby approved as fair, reasonable, and adequate.

14. The Representative Plaintiff and all members of the Settlement Class, except the individuals who elected to be excluded (identified in Exhibit A hereto) and the 813 unnoticed Class Members, hereby release any and all actual or potential claims, counterclaims, actions, causes of action, liabilities, damages (whether actual, nominal, punitive, exemplary, statutory, or otherwise), injunctive relief, costs, fees, attorneys' fees, or penalties of any kind, whether known or unknown, suspected or unsuspected, discovered or undiscovered, which arise in whole or in part from SMC's charging Home Equity Conversion Mortgage customers in California, Florida, Hawaii, Michigan, Minnesota, Missouri, New Jersey, Nevada, Ohio, Pennsylvania, Rhode Island and Washington Loan Origination Fees when (a) the Loan Origination Fee was conveyed, in whole or in part, to a loan correspondent or broker, and (b) the loan correspondent or broker was also paid a "correspondent," "broker" or "service release premium" fee by SMC.

Court deems timely any elections to opt out that were postmarked by December 24, 2010 and any objections to the Settlement filed on or before December 31, 2010.

In addition to SMC, this release includes SMC's parent corporation Seattle Bank, its officers, directors, shareholders, employees, insurers, attorneys and assigns, and its successors (including any persons or entities that may acquire all or substantially all of its assets, stock or other ownership interests).  Also released are any claims against Bank of America or any individual or entity affiliated therewith that arise, directly or indirectly, out of the Released Claims.

15.   Defendant shall not, for a period of three years or such shorter time as Department of Housing and Urban Development regulation 24 CFR §206.31(a)(1) or its terms remain in effect, charge any homeowner a loan origination fee in connection with a Home Equity Conversion Mortgage loan when a correspondent fee is paid to the homeowner's mortgage broker in connection with the same Home Equity Conversion Mortgage loan.  SMC shall also comply with all of its other obligations pursuant to the Settlement Agreement. The Court shall and hereby does retain jurisdiction over the interpretation, implementation, and enforcement of the Settlement Agreement, this Final Settlement Approval Order, and the Judgment.

16.   This final approval of the Settlement is subject to the following conditions:

a.   The third party administrator, Rust Consulting, shall withhold $273,168, or such similar amount that can be calculated to reflect the amounts allocated to the 813 unnoticed Class Members under the terms of the Settlement Agreement, from distribution to the Class Members who received the Notice;

b.   Rust Consulting shall employ more extensive attempts to

provide notice to the 813 unnoticed Class Members, above and beyond the change-of-address procedure already utilized, and shall send a new notice of Settlement ("New Notice") to any new addresses it obtains;

c.  The New Notice shall provide the unnoticed class members with an additional thirty-five days from date of mailing to opt out of the Settlement or to object to the Settlement or Class Counsel's Motion for Attorneys' Fees, and shall advise the unnoticed class members that the Court shall hold a hearing on the Settlement on March 4, 2011, at which any of the unnoticed class members who filed timely objections may appear and be heard.  No less than seven days before the March 4, 2011 hearing, the parties shall submit a declaration from Rust Consulting detailing the additional steps taken to provide notice to the 813 unnoticed Class Members, as well as the results of these additional steps;

d.  This Order granting Final Approval of the Settlement is fully enforceable by the parties, and Defendant is hereby deemed immediately released by all Class Members of any liability to said Class Members pursuant to the terms of the Settlement, save and except for potential claims by the 813 unnoticed Class Members.  Any timely objections filed by any of the 813 unnoticed Class Members shall affect the 813 unnoticed Class Members only, and shall not affect the validity or enforceability of the Settlement as to any of the other Class Members including, but not limited to, the release of Defendant by all other Class Members pursuant to

United States District Court
For the Northern District of California

the terms of the Settlement;

e.   The Court shall rule on March 4, 2011, or at such later
     date as the Court decides appropriate, the manner in which
     the funds allocated to the 813 unnoticed Class Members
     shall be distributed.  Because the number of the 813
     unnoticed Class Members who ultimately receive notice will
     affect the amount to be paid to all Class Members, no
     distributions shall be made to any Class Members until the
     Court makes this ruling.  The Court also defers ruling on
     Plaintiff's Counsel's Motion for Attorneys' Fees, to
     provide the unnoticed Class Members with the opportunity to
     object to the motion.

IT IS SO ORDERED.

Dated: January 19, 2011

_____
UNITED STATES DISTRICT JUDGE

| COR # | Name of Submitter | Name 2 of Submitter | Address | City | State | Zip |
|---|---|---|---|---|---|---|
| 6 | NORMA HART | | 10454 DESCHUTES RD | PALO CEDRO | CA | 96073 |
| 7 | JAMES DUKE | | 375 MAXWELL AVE | OAKDALE | CA | 95361 |
| 12 | MARGUERITE FERREIRA | | 22391 SIOUX RD | APPLE VALLEY | CA | 92308 |
| 24 | ANA PEREZ | | 1727 GAMMA ST | NATIONAL CITY | CA | 91950 |
| 25 | JAMES & MARY BUTCHER | | 33287 AVE BICICLETA | TEMECULA | CA | 92592 |
| 29 | ANDREW BANKHEAD | | 237 SYCHAR RD | SAN DIEGO | CA | 92114 |

EXHIBIT A